**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| ANTONIO ANDRADE | § | |
|     Petitioner, | § | **No. 3:10-CV-1245-L** |
| | § | **No. 3:05-CR-186-L(03)** |
| | § | |
| v. | § | |
| | § | |
| UNITED STATES OF AMERICA | § | |
|     Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the United States District Court for the Northern District of Texas.   The Findings, Conclusions and Recommendation of the United States Magistrate Judge follow.

**Procedural Background**

On November 28, 2006, Petitioner pled guilty to conspiracy to possess with intent to distribute, and distribution of more than five kilograms of cocaine, in violation of 21 U.S.C. § 846. On September 21, 2007, the Court sentenced him to 132 months imprisonment and five years of supervised release.  Petitioner's counsel filed an *Anders* brief on direct appeal. *Anders v. California*, 386 U.S. 738 (1967).  On August 18, 2009, the Fifth Circuit Court of Appeals dismissed the appeal as frivolous.  On June 22, 2010, Petitioner filed this § 2255 motion.  Petitioner challenges the substance of certain actions by the district court and claims that counsel provided unconstitutionally

ineffective assistance.[1]

## **Factual Background**[2]

Investigations revealed Petitioner was a member of the Acuna drug trafficking organization and was responsible for distributing in excess of 150 kilograms of illegal drugs between November 2003 and July 2005.  Intercepted phone calls led to the seizure of 50 kilograms of illegal drugs sent from El Paso, Texas to customers in Atlanta, Georgia, at the direction of Petitioner.  Petitioner was arrested on July 19, 2005.  At the time of his arrest, Petitioner was at a meeting with leaders of the Acuna drug organization and was described as a key member of that organization.  Petitioner controlled drugs and drug proceeds coming in and out of El Paso, Texas.  While Petitioner took orders from the organization's leaders, he was responsible for recruiting load-drivers to transport drugs, and he was the manager of a major stash-house outside of El Paso.

## **The Presentence Report**

The PSR determined that Petitioner was accountable for at least 150 kilograms of cocaine. Pursuant to the United States Sentencing Guidelines ("USSG"), Plaintiff's base offense level was fixed at Level 38.  (PSR ¶ 46.)  Because Petitioner was determined to be "a manager or supervisor, but not an organizer or leader and the criminal activity involved five or more participants or was otherwise extensive," three levels were added to Petitioner's base offense level, pursuant to USSG § 3B1.1(b). (PSR ¶ 49.)   The PSR then deducted three levels, pursuant to USSG § E1.1(a) & (b), for acceptance of responsibility.  (PSR ¶ 51.)  This resulted in a total offense level of 38.  (PSR ¶

---

[1]Petitioner was represented by three different attorneys during this case: Through the guilty plea, Petitioner was represented by Joseph Sib Abraham, Jr. of El Paso, Texas.  At sentencing Petitioner was represented by R. Christopher Goldsmith of Houston, Texas, and on appeal he was represented by Christopher McCaffrey of Dallas, Texas.

[2]  The factual background is taken from the Presentence Report ("PSR").

52.) Petitioner's criminal history score resulted in his placement in Criminal History Category II. When these calculations were combined, the PSR concluded that Petitioner's advisory guideline range was 262 to 327 months imprisonment.  (PSR ¶ 91.)

### The Sentencing Hearing

Counsel had filed objections to paragraphs 29 and 49 of the PSR which found that Petitioner should be assessed the three level enhancement as a manager or supervisor.  (Sent. Tr. at 5-7.)  At the sentencing hearing, counsel argued in favor of these objections.  After the Court asked counsel several questions and heard extensively from the government, the Court overruled the objections. The Court explained:

> Well, the Court believes that the information contained in paragraphs 23 and 29 of the pre-sentence report establishes that the three-level enhancement is warranted.  Whether the term lieutenant or some other term is used, I think that it is clear that insofar as the Acuna drug organization is concerned, Mr.  Andrade was certainly high up in the organization.  As stated before, paragraphs 23 and 29 of the pre-sentence report set out those facts.

(Sent. Tr. at 9.)

The Court then considered the government's substantial assistance motion:

> The Court has before it a motion for downward departure pursuant to United States Sentencing Guidelines Section 5K1, and also Title 18, United States Code Section 3553(e).

> Okay, the Court has reviewed the motion and believes that it is well taken. Accordingly, the motion is granted.  The government has requested that the Court depart downward by an additional level.  The Court believes that is an appropriate amount based upon the motion, and therefore, the Court will depart downward by an additional level.

> In light of that action by the Court, that would bring the offense level down to 37, and with an offense level of 37 and a criminal history category of II, that gives a guideline range of imprisonment of 235 to 293 months.

(Sent. Tr. at 17.)  The Court then invited counsel to present argument on Petitioner's behalf.

3

Counsel presented a detailed, comprehensive, well-reasoned and well informed argument.  (Sent.

Tr. at 13-17.)  Counsel explained the following regarding Petitioner's substantial assistance to the

government:

> Unfortunately, [Petitioner's] cooperation came at such a late stage that it is not as valuable as it would have been had it come earlier in the case in a more timely fashion.  And that is simply Mr. Guess's evaluation under his discretion and under truth because he has come in and started cooperation very late.  But I would ask the court to consider [Petitioner] as an individual, punish him for his decisions which he fully accepts responsibility for, and fit him into the framework of the other people that have been sentenced in this case so that he is sentenced in a manner that is comparable to them.

(Sent. Tr. at 17.)

After hearing from Petitioner and the government, the Court announced its sentencing

decision, stating that it had considered the factors under § 3553(a) and subparts (1) -(7).  The Court

noted that it keeps a chart as to the Defendants to remind it of the role that each defendant played

and that individual's sentence to avoid any unwarranted sentencing disparities between defendants

who are similarly situated.

When the Court considered the role that Petitioner played, he felt that it fell more to that of

Matthew Pallone or came close to approximating that of Mr. Aguirre.  The Court noted the sentence

of Mr. Acuna, the leader, and recognized that Mr. Acuna had provided substantial assistance early

on, leaving Petitioner without much information to provide.  To avoid unwarranted sentencing

disparities, the Court decided that an adjustment or a non-guideline sentence would be appropriate

to what the Court had done with respect to other Defendants.

The Court sentenced Petitioner outside the Sentencing Guidelines to a sentence of 132

months in the custody of the Federal Bureau of Prisons and a five-year tem of supervised release.

(Sent. Tr.  at 20-22.)

## Analysis

## Substantive Claims

Petitioner makes a number of substantive claims, such as: The district court failed to comply with Rule 32(i)(B) of the Federal Rules of Criminal Procedure by not resolving any factual disputes that may have arisen for denial of a lower departure other than the one point reduction (Mem. at 6); "[W]hether the trial court committed clear error by not rewarding Petitioner a larger lower departure for his cooperation since the recommendation of the government was to award only 1 point for substantial assistance (*Id*. at 7); and Petitioner's sentence is presumptively unreasonable. (*Id*. at 10). Any substantive claims Petitioner may be asserting are waived by his plea agreement which provides:

> [Petitioner] waives his rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal from his conviction and sentence. He further waives his right to contest his conviction and sentence in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255. [Petitioner], however, reserves the rights (a) to bring a direct appeal of (i) a sentence exceeding the statutory maximum punishment, or (ii) an arithmetic error at sentencing; (b) to challenge the voluntariness of his guilty plea or this waiver; and (c) a claim of ineffective assistance of counsel.

(DOC. 474, Plea Agreement, ¶ 10.)  A defendant can waive his right to appeal and to file a section 2255 motion. *United States v. White*, 307 F.3d 336, 339 (5th Cir. 2002). Petitioner testified at the arraignment hearing that he was award that, under paragraph 10 of the plea agreement, he was waiving his right to appeal or otherwise challenge his conviction or sentence except for the limited circumstances included in the waiver. (Rearraign. Tr. at 16.)  None of Petitioner's substantive claims was excepted from Petitioner's waiver. Accordingly, the Court recommends that Petitioner's substantive claims be dismissed.

## Ineffective Assistance of Counsel

Petitioner argues that counsel provided constitutionally ineffective assistance in the following particulars: Counsel (1) failed to obtain a greater downward departure; (2) failed to communicate with him; (3) failed to invoke proper precedent and the rule of lenity; (4) failed to vigorously advocate for him on appeal by filing an *Anders* brief; and (5) failed to investigate the case.

## Standard of Review

The Sixth Amendment of the United States Constitution guarantees that in all criminal prosecutions, the accused has the right to the assistance of counsel for his defense.  U.S. CONST. art. VI.  To merit relief pursuant to § 2255 on a claim of ineffective assistance of counsel, a petitioner must demonstrate that his trial counsel's performance fell below an objective standard of reasonableness and that this deficient performance prejudiced his defense.  *Strickland v. Washington*, 466 U.S. 668, 691 (1984).   In assessing whether a particular counsel's performance was constitutionally deficient, courts indulge a strong presumption that counsel's conduct falls within the wide range of reasonable assistance.  *Id.* at 689.  "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time."  *Id*.

To prove a claim of ineffectiveness, a movant must show that his counsel's performance was deficient and that the deficiency prejudiced his defense.  *Id.* at  687.  To prevail on the deficiency component of this test, he must identify the acts or omissions that were not the result of reasonable professional judgment. *Id*. at 690.

Even if counsel is proven deficient, a petitioner must prove prejudice.  *Strickland*, 466 U.S. at 687.  To prove prejudice, Petitioner must show "a reasonable probability that the result of the

6

proceedings would have been different but for counsel's unprofessional errors." *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999)(citing Strickland, 466 U.S. 694).  "[T]he mere possibility of a different outcome is not sufficient to prevail on the prejudice prong."  *Id.*  "Rather, the defendant must demonstrate that the prejudice rendered sentencing, 'fundamentally unfair or unreliable.'" *Id.* (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)).

**Counsel's Alleged Failure to Obtain a Greater Downward Departure**
**Under the Government's USSG § 5K1.1 Motion**

Petitioner argues he received ineffective assistance of counsel because counsel did not do enough to obtain for him a greater reduction pursuant to the motion filed by the government under USSG § 5K1.1.  An examination of the claim, the record, and trial proceedings make clear that Petitioner's argument is without merit.  Petitioner has failed to show that his counsel's performance was deficient.  Petitioner never states what better arguments his counsel should have made or what more counsel could have done.  Petitioner never shows any argument that would have had a reasonable probability of resulting in more than the one level downward departure that the government agreed to in its motion.

As stated, counsel presented a well-reasoned and well informed argument for a greater departure that the government had recommended pursuant to USSG § 5K1.1.  Counsel explained with regard to substantial assistance to the government that "[u]nfortunately, [Petitioner's] cooperation came at such a late stage that it is not as valuable as it would have been had it come earlier in the case in a more timely fashion."  The Court has previously discussed the fact that the government, Petitioner's counsel, and the Court all recognized that Petitioner had cooperated fully with all the information he had, but that unfortunately, Petitioner's cooperation came after others in the conspiracy had already provided substantial assistance pursuant to their guilty pleas.

7

Nevertheless, counsel asked the court to consider Petitioner as an individual and fit him into the framework of the other people that have been sentenced in this case so that he is sentenced in a manner that is comparable to them. (Sent. Tr. at 17.)

Counsel also filed objections to the PSR that recommended Petitioner be given a three level enhancement for his position as a manager or supervisor in the Acuna drug organization. Further, counsel argued vigorously at sentencing that the three level enhancement should not apply. The Court decided that "whether the term lieutenant or some other term is used, I think that it is clear that insofar as the Acuna drug organization is concerned, Mr. Andrade was certainly high up in the organization. . . ."

Petitioner fails to address the favorable variance from the guidelines that the District Court ultimately decided upon. Even though Counsel was not successful in obtaining more than a one level departure under USSG § 5K1.1 or convincing the Court to sustain his objections to the three level enhancement for manager, counsel did much more. At the sentencing hearing, counsel argued that justice required a variance from the guidelines. He noted Petitioner's remorse and short criminal history. Crucially, he noted that the leaders of the drug trafficking organization, who police arrested with Petitioner, received sentences with far fewer months imprisonment than what the guidelines recommended for Petitioner. The co-conspirators received lower sentences because they cooperated with law enforcement before Petitioner was questioned. Counsel ultimately helped to convince the District Court to depart from the USSG and sentence Petitioner to 132 months imprisonment, as opposed to the USSG range of 235 to 293 months imprisonment. In guidelines terms, that sentence represents a six-level reduction. Petitioner failed to prove that counsel was deficient. Rather, counsel helped to obtain a variance that strongly favored Petitioner and resulted in a much lower sentence than Petitioner could have received under the guidelines.

8

Where a petitioner fails to satisfy one part of the ineffective assistance of counsel test, the court need not address the other. *United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000). Accordingly, this Court need not address the prejudice prong of Strickland. The Court recommends that Petitioner's claim of ineffective assistance of counsel for failure to obtain a greater departure be denied.

## Stare Decisis, Rule of Lenity, and *Anders* Brief

Petitioner claims counsel failed to invoke stare decisis and the rule of lenity. However, he fails to allege even one precedent counsel omitted, and he never states where the rule of lenity might apply.

Petitioner also claims his appellate counsel was ineffective because he submitted an *Anders* brief, stating that the appeal is without merit. *See Anders v. California*, 386 U.S. 738, Petitioner, however, never states how the *Anders* brief was deficient or what issues counsel should have raised. Moreover, the Fifth Circuit conducted an independent review of the record and similarly concluded that there were no non-frivolous issues for appeal. Petitioner's stare decisis, rule of lenity, and *Anders* claims are conclusory allegations, which are insufficient to prove ineffective assistance of counsel. Therefore, the Court recommends that each of these claims be denied as meritless.

## Failure to Investigate

Petitioner next claims that all three of his attorneys failed to investigate his case. Counsel has a duty to make reasonable investigations. *Strickland*, 466 U.S. 490-491. The reasonableness of those investigations may be based on defendant's own actions or statements. *Id*. Petitioner's argument consists of nothing but conclusory allegations; he fails to identify anything to suggest a failure to investigate. When he is most specific, Petitioner alleges his counsel failed to investigate the case by filing an *Anders* brief on appeal. Any decision not to investigate must be assessed in-

context, applying a reasonableness standard, with heavy deference in favor of counsel's decisions. *Id.* The Court has found no deficiency of counsel in his filing an *Anders* brief. Moreover, the appellate court's decision makes clear counsel's decision to file the *Anders* brief was reasonable. Petitioner's claim that counsel failed to investigate the case is meritless, and the Court recommends that it be denied.

**E.       Promise of a 90 Month Sentence**

Petitioner asserts that in return for his cooperation he was promised a 90 month sentence. To be constitutionally valid, a guilty plea must be knowing and voluntary. *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998) (citing *Harmason v. Smith,* 888 F.2d 1527, 1529 (5th Cir. 1989)). Thus, a guilty plea may be invalid if it was induced by defense counsel's unkept promises. *See id.* On the other hand, a defendant ordinarily will not be heard to refute his testimony given at a plea hearing while under oath. *United States v. Fuller,* 769 F.2d 1095, 1099 (5th Cir. 1985). "Solemn declarations in open court carry a strong presumption of verity," forming a "formidable barrier in any subsequent collateral proceedings." *Blackledge v. Allison,* 431 U.S. 63, 73-74 (1977).

A defendant may seek habeas relief on the basis of alleged promises, although inconsistent with representations he made in open court when entering her guilty plea, by proving: (1) the exact terms of the alleged promise, (2) exactly when, where, and by whom the promise was made, and (3) the precise identity of an eyewitness to the promise. *Cervantes*, 132 F.3d at 1110. The defendant must produce independent indicia of the likely merit of his allegations, typically in the form of one or more affidavits from reliable third parties to be entitled to an evidentiary hearing on the issue. *See id.* Should the defendant's showing be inconsistent with the bulk of his conduct or otherwise fail to meet his burden of proof in the light of other evidence in the record, an evidentiary hearing is not

required.  *See United States v. Smith,* 844 F.2d 203, 208 (5th Cir. 1988) (per curiam).

Petitioner fails to identify: (1) the nature of the promise; (2) when, where, and by whom the promise was made; and (3) the identity of any eyewitnesses to the promise.  Petitioner has produced no independent indicia of the reliability of his claim.  Additionally, he testified at the rearraignment hearing that the only promise made to him was that which was contained in the plea agreement.  Petitioner's claim is meritless, and the Court recommends that it be denied.

## **RECOMMENDATION**

For the foregoing reasons, this Court recommends the District Court dismiss Petitioner's substantive claims and deny his § 2255 motion.

SO RECOMMENDED, August 10, 2012

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

11

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties.  Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory, or general objections.  A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a de novo determination by the District Court.   See Thomas v. Arn, 474 U.S. 140, 150 (1985).  Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error.  See Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).